# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| DARRYL LYNN JONES, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 2:14-cv-04087-NKL |
| | ) |
| STATE OF MISSOURI, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Defendant State of Missouri's motion to dismiss, Doc. 16, is granted because the State has Eleventh Amendment immunity.

**I.     Background**

The Circuit Court of Cape Girardeau County, Missouri entered a decree in 1993 dissolving the marriage of Darryl Lynn Jones and Defendant Joni N. Jones (now Stewart).[1] The court ordered Darryl Jones to pay child support with respect to a child born during the marriage. Doc. 17-1, p. 2. The State, through its Department of Social Services, Division of Child Support Enforcement, took steps to enforce Jones' support obligation beginning around 1993 and continuing through the present. Jones doubts he is the child's biological father, but his numerous requests for genetic testing—made to the State and his former wife—have been denied.

---

[1] For purposes of ruling on the State's motion to dismiss, the Court accepts the allegations in Jones' complaint as true. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). The Court will also consider the authenticated decree of dissolution of Jones' marriage, Doc. 17-1, attached to the State's suggestions in support of its motion to dismiss. Because the decree is necessarily embraced by the pleadings, considering the decree in the context of ruling on a motion to dismiss does not convert the motion to one for summary judgment. *See Enervations, Inc. v. Minnesota Mining and Mfrg. Co.*, 380 F .3d 1066, 1069 (8th Cir. 2004) (documents necessarily embraced by the pleadings may be considered in ruling on a motion to dismiss under Fed. R. Civ. Pro. 12).

Making brief references to his right to due process, the "Family [Support] Act of 1988," and the "1996 Federal Welfare Reform Act," Doc. 1, p. 1, and Doc. 1-1, Jones asks this Court for an order requiring genetic testing; awarding damages against the State for denying genetic testing; and requiring the State to notify his past employers of the outcome of the testing.

II.  Discussion

The Eleventh Amendment generally bars suit against a state, or an agency or department of a state, for money damages or any other relief, absent waiver by the state or valid congressional override. *Kentucky v. Graham,* 473 U.S. 159, 169 (1985); *Florida Dept. of State v. Treasure Salvors, Inc.*, 458 U.S. 670, 684 (1982); and *Monroe v. Ark. State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007).

Jones points to no waiver by the State, and the State says it has not waived sovereign immunity.

Nor does Jones demonstrate that the two Acts he cites effect a waiver of the State's Eleventh Amendment immunity from suit. In relevant part, the Family Support Act of 1988, Pub. L. 100-485, required the states to enact mandatory, or presumptively correct, guidelines for awards of child support in order to continue to participate in the federal Aid to Families with Dependent Children Program; and to operate child support enforcement programs. The Act makes no provision for suit by private parties in federal court. *See De La Cruz. V. Colon-Rodon,* 952 F.Supp.2d 385, 376-8 (D. Puerto Rico 2013) (suit by parents for review of Puerto Rico's child support guidelines; examining Family Support Act and legislative history, and concluding no private cause of action exists). *See also Maynard v. Williams,* 72 F.3d 848, 854-55 (11th Cir. 2011) (suit to enforce Family Support Act provision for child care services; rejecting private cause of action). Given the lack of authority in this statute to even bring suit in court, it cannot

be interpreted to suggest that the State has waived sovereign immunity concerning any dispute under the statute.

The Welfare Reform Act of 1996, Pub. L. No. 104-193, was a legislative package designed to revamp several federally funded welfare programs. Jones points to nothing in the particularly lengthy and comprehensive Act that provides him a private cause of action relevant to his claims, and it appears there is no such provision. *See Walters v. Weiss,* 349 F.Supp.2d 1160, 1166 (E.D. Ark. 2003) (holding that 42 U.S.C. § 654b, which addresses collection and support payments, confers no private enforcement rights upon custodial parents who receive support payments). Therefore, there can be no waiver of sovereign immunity concerning any dispute under this statute.

Jones' claims are barred by the Eleventh Amendment. In view of the foregoing, the Court need not address the State's additional arguments in support of its motion to dismiss.

### III. Conclusion

Defendant State of Missouri's motion to dismiss, Doc. 16, is granted and Plaintiff's claims are dismissed with prejudice.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated: September 16, 2014  
Jefferson City, Missouri