# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| DARRYL LYNN JONES, | ) |
| Plaintiffs, | ) |
| v. | ) No. 2:14-cv-04087-NKL |
| STATE OF MISSOURI, et al., | ) |
| Defendants. | ) |

**ORDER**

Defendants Joni Nadine Stewart and Supportkids Services, Inc.'s motions to dismiss, Docs. 31 and 36, are granted.

### I. Background

The Circuit Court of Cape Girardeau County, Missouri entered a decree in 1993 dissolving the marriage of Darryl Lynn Jones and Defendant Joni N. Jones (now Stewart).[1] The decree established custody of a child born during the marriage, and Darryl Jones' child support obligation. Doc. 17-1, p. 2. Stewart took steps to enforce Jones' support obligation, beginning around 1993 and continuing through the present. Supportkids, a private child support collection company, also attempted to collect it.

Jones argues that he is not the child's biological father, that his numerous requests for genetic testing made to the State and to his former wife have been wrongfully denied, and that he

---

[1] For purposes of ruling on the Defendants' motions to dismiss, the Court accepts the allegations in Jones' complaint as true. *Bell Atlantic Corp. v. Twombly*, 127 U.S. 1955, 1974 (2007). The Court will also consider the authenticated decree of dissolution of Jones' marriage, attached to an earlier filing in the case. Doc. 17-1. Because the decree is necessarily embraced by the pleadings, considering the decree in the context of ruling on motions to dismiss does not convert the motions to ones for summary judgment. *See Enervations, Inc. v. Minnesota Mining and Mfrg. Co.*, 380 F.3d 1066, 1069 (8th Cir. 2004) (documents necessarily embraced by the pleadings may be considered in ruling on a motion to dismiss under Fed. R. Civ. Pro. 12).

should not have to pay the past-due support. He asks this Court for an order requiring genetic testing; requiring Stewart to repay a portion of the child support payments and to stop defaming and libeling him through garnishment of his pay checks; and awarding punitive damages. Doc. 1, pp. 3, 10.

The Court previously granted Defendant State of Missouri's motion to dismiss, because the State has Eleventh Amendment immunity. Doc. 39.

**II. Discussion**

Stewart and Supportkids raise several bases for dismissal, including the *Ankenbrandt*[2] domestic relations exception to diversity jurisdiction, and the *Rooker-Feldman*[3] abstention doctrine. Dismissal is appropriate under either.

*Ankenbrandt* provides that federal courts lack jurisdiction to hear "cases involving the issuance of a divorce, alimony, or child custody decree," including cases in which the state's determination of the status of a domestic relationship has some bearing on the plaintiff's underlying claim. *Id.* 504 U.S. at 704, 706. Here, a Missouri state court adjudicated the status of Stewart and Jones' domestic relationship, establishing Jones' obligation to pay child support. That determination has a bearing on Jones' claim herein that he cannot lawfully be made to pay the child support because he is not the child's biological father. The Court therefore lacks jurisdiction to decide Jones' claims.

Even if *Ankenbrandt* did not somehow foreclose jurisdiction, the *Rooker-Feldman* doctrine would require this Court to abstain. *Rooker-Feldman* prevents lower federal courts from reviewing the judgments and decisions of state courts, and from hearing "claims that are

---

[2] *Ankenbrandt v. Richards*, 504 U.S. 689, 704 (1992).
[3] *Rooker v. Fideltiy Trust Co.,* 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983).

2

inextricably intertwined with claims adjudicated in state court." *Fielder v. Credit Acceptance Corp.*, 188 F.3d 1031, 1034 (8th Cir. 1999) (internal quotation marks omitted). "A claim is inextricably intertwined if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it [or] if the relief requested . . . would effectively reverse the state court decision or void its ruling." *Charchenko v. Stillwater*, 47 F.3d 981, 983 (8th Cir. 1995) (applying *Rooker-Feldman* doctrine).

Jones's claims against Stewart and Supportkids are premised on the assumption that if he is not the child's biological father, then he should not have been obligated to pay child support for a child born of the marriage. Even if his legal premise is true, to award Jones the relief he requests would effectively require this Court to set aside the state court judgment establishing his child support obligation. Jones' claims are inextricably intertwined with the state court judgment. Therefore, *Rooker-Feldman* requires this Court to abstain.

In view of the foregoing, this Court need not address the Defendants' additional arguments in support of their motions to dismiss.

### III. Conclusion

Defendants Stewart and Supportkids' motions to dismiss, Docs. 31 and 36, are granted and the claims are dismissed with prejudice.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: October 20, 2014
Jefferson City, Missouri