# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| DARRYL LYNN JONES, | ) |
|       Plaintiffs, | ) |
| v. | ) No. 2:14-cv-04087-NKL |
| STATE OF MISSOURI, et al., | ) |
|       Defendants. | ) |

**ORDER**

Defendant Joni Nadine Stewart's motion for Rule 11 sanctions against Plaintiff Darryl Lynn Jones [Doc. 48] is granted.

**I.  Background**

Jones' lawsuit arose out of a 1993 decree, issued by the Circuit Court of Cape Girardeau County, Missouri, dissolving Jones' and Stewart's marriage.  The decree established custody of a child born during the marriage, and Jones' child support obligation.  Stewart and Defendant State of Missouri, through its Division of Child Support Enforcement, took steps to enforce Jones' support obligation, beginning around 1993 and continuing through the present.  Supportkids Services, Inc., a separate defendant in this lawsuit and a private child support collection company, was also involved in enforcement of Jones' obligation.

Jones filed his federal court case pro se and was granted leave to proceed without payment of the filing fee.  [Doc. 5.]  He alleged that he is not the child's biological father,

that his numerous requests for genetic testing made to Stewart and the State were wrongfully denied, and that he should not have to pay the past-due support. He asked this Court for an order requiring genetic testing; requiring Stewart to repay a portion of the child support payments and to stop defaming and libeling him through garnishment of his pay checks; and awarding punitive damages. Jones, who was not represented by counsel, was permitted to proceed without payment of the filing fee. [Doc. 5.]

The Court granted the State's motion to dismiss [Doc. 16], because the State has Eleventh Amendment immunity [Doc. 39]. The Court also granted Stewart's and Supportkids Services' motions to dismiss [Docs. 31 and 36] because the *Ankenbrandt*[1] domestic relations exception foreclosed diversity jurisdiction, and even if it did not, the *Rooker-Feldman*[2] doctrine required abstention [Doc. 44].

Stewart states in her Rule 11 motion that on August 15, 2014, she filed and served Jones with her motion to dismiss and suggestions in support of the motion. On the same day, she served Jones with her proposed motion for Rule 11 sanctions and a cover letter, advising Jones that if he failed to voluntarily dismiss his claims against her within 21 days, and the Court granted her motion to dismiss, she would file the Rule 11 motion and pursue sanctions. [Doc. 49-1.] Jones did not withdraw his claims against Stewart. As she previously advised Jones, Stewart now seeks sanctions against him for fees and costs incurred by Stewart in this litigation. Jones did not file a response to her motion for sanctions.

---

[1] *Ankenbrandt v. Richards*, 504 U.S. 689, 704 (1992).
[2] *Rooker v. Fideltiy Trust Co.,* 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983).

## II. Discussion

Stewart argues that Rule 11 sanctions are appropriate because Jones had no evidentiary support sufficient to overcome *Ankenbrandt* and *Rooker-Feldman* principles; and he waived whatever right to relief he had more than twenty years ago.

Under Rule 11(b) (1)-(3), a party presenting a pleading in federal court "certifies to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that: the pleading is not being presented for an improper purpose, such as harassment; the claims are warranted by existing law or nonfrivolous argument for change in the law; and the factual contentions have evidentiary support, or are likely to have such support, after further investigation or discovery.

The purpose of Rule 11 "is to deter baseless filings in the district court." *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 393 (1990). Thus, a person signing a pleading must have "conducted a reasonable inquiry into the facts and law supporting the pleading." *Crookham v. Crookham,* 914 F.2d, 1027, 1029 (8th Cir. 1990). *See also Coonts v. Potts,* 316 F.3d 745, 753 (8th Cir. 2003) ("To constitute a reasonable inquiry, the prefiling investigation must uncover a factual basis for the plaintiff's allegations, as well as a legal basis.") In determining whether a Rule 11 violation occurred, the district court applies an objective reasonableness standard, to determine whether the pleading was frivolous, groundless, or advanced for an improper purpose. *Pulaski County Republican Committee v. Pulaski County Bd. of Election Com'rs,* 956 F.2d 172, 173-74 (8th Cir. 1992) (internal quotations and citations omitted).

Courts "traditionally afford pro se parties some leeway under Rule 11," *Mousel v.*

3

*Knutson Mortgage Corp.,* 823 F.Supp. 658, 663 (D. Minn. 1993) (citing *Day v. Allstate Ins. Co.,* 788 F.2d 1110, 1114 (5th Cir. 1986)), and liberally construe pro se pleadings, *Jackson v. Nixon,* 747 F.3d 537, 544 (8th Cir. 2014). But Rule 11 applies to persons who are unrepresented and have been granted leave to proceed in forma pauperis, that is, without paying the filing fee, as well as to persons who are represented and have paid the filing fee. Further, in forma pauperis status does not immunize a plaintiff from all liability for costs, such as those imposed for frivolous filings. *See Warren v. Guelker,* 29 F.3d 1386, 1390 (9th Cir. 1994) (and cases cited therein). "'Rule 11's express goal is deterrence; [in forma pauperis] litigants, proceeding at the expense of taxpayers, need to be deterred from filing frivolous lawsuits as much as litigants who can afford to pay their fees and costs.'" *Adkins v. Cox.,* 2014 WL 923195, at *5 (D. Nev. 2014) (quoting *Warren,* 29 F.3d at 1390, and citing Adv. Comm. Notes to the 1993 Amendments to Fed. R. Civ. P. 11)).

Here, Jones was specifically given notice, by Stewart, of *Ankenbrandt* and *Rooker-Feldman*, and the federal courts' lack of jurisdiction with regard to family law matters. Notwithstanding the notice Jones was given, and the opportunity to correct or withdraw his claims, he chose not to. It is impossible for Jones to claim ignorance of the law once he was specifically put on notice of it. And Rule 11 simply does not permit any party to maintain a frivolous claim. Accordingly, the Court in its discretion grants Stewart's motion for Rule 11 sanctions and awards her reasonable fees and costs associated with this litigation.

### III. Conclusion

Defendant Stewart's motion for Rule 11 sanctions against Plaintiff Jones [Doc. 48] is granted. Stewart shall file a statement of reasonable fees and costs within 14 days of the date of this Order.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: January 8, 2015
Jefferson City, Missouri