IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| DARRYL LYNN JONES, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )   No. 2:14-cv-04087-NKL |
| | ) |
| STATE OF MISSOURI, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

The Court granted Defendant Joni Nadine Stewart's motion for sanctions under Fed. R. Civ. Pro. Rule 11 against Plaintiff Darryl Lynn Jones on January 8, 2015 and directed Stewart to file a statement of reasonable fees and costs. [Doc. 51.] Stewart filed a statement of attorney fees, [Doc. 52], and Jones filed a response, [Doc. 54]. The Court now orders Jones to pay Stewart attorney fees in the amount of $4,815.64, for the reasons discussed below.

"A sanction imposed under [Rule 11] must be limited to what suffices to deter repetition of the conduct…. [I]f imposed on motion and warranted for effective deterrence, [sanctions may include] an order directing payment to the movant of part or all of the reasonable attorney's fees and expenses directly resulting from the violation." Rule 11(c)(4). *See also Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 393 (1990) (the purpose of Rule 11 "is to deter baseless filings in the district court"). In determining the appropriate sanction, the Eighth Circuit has identified factors such as "the wrongdoer's history, experience and ability; … the severity of the violation; … the degree to which malice or bad faith contributed to the violation; and … other factors." *Van Deelen v. City*

*of Kansas City,* 2006 WL 2077640, 19 (W.D. Mo. 2006) (citing *Pope v. Federal Express Corp.,* 49 F.3d 1327, 1328 (8th Cir. 1995)). The particular sanction imposed is a decision made within the court's discretion. *Pope*, 49 F.3d at 1328.

As for his history, experience and ability, Jones' complaint reflects that for 20 years, he has disputed paternity and his child support obligation in various ways, without any success. He has "requested DNA confirmation [of paternity] incessantly from the ex-wife and from Missouri [Child Support Enforcement]." [Doc. 1, p. 5]. He has challenged paternity in California and Missouri state court proceedings. And he has objected to child support enforcement efforts in Colorado, Missouri, and Florida.

His violation in this case was serious. The claim he filed against Stewart was frivolous, inasmuch as the federal courts lack jurisdiction over family law matters, but he refused to correct or withdraw them despite the notice he was given.

Further, he pursued his claim against Stewart in bad faith. Twenty years of experience in unsuccessfully disputing his child support obligation in various venues and proceedings throughout the country, in combination with the notice he was provided in this case, were sufficient to have apprised Jones that his claim in this case was frivolous, but he continued to pursue it. Jones' bad faith is in fact demonstrated all the more by his response to Stewart's fee statement. Notwithstanding the Court's rulings, Jones maintains the position that he is entitled to "fight for justice and force Defendants to comply with federal law and the US Constitution," and that "federal jurisdiction" applies. [Doc. 54, p. 1.]

The Court also observes that Jones' claimed poverty may be self-imposed. In his

Financial Affidavit, signed and certified by him on 2/11/2104, he stated he is unemployed, but that at his last job, he earned "$21000" per month. [Doc. 3.] He quit a "bank job" in 1998. [Doc. 1, p. 4.] In 2009, he was an "independent contractor/ administrative consultant coordinating after-school tutoring program for ESE and at-risk youth on behalf of a non-profit agency …. [His] pay was grant-based and [in 2008 he] made around $18,000[.]" [Doc. 1, p. 8.] In January 2013, he claimed to be a doctoral candidate. [Doc. 1, p. 5.]

Although Rule 11 is not a fee-shifting device, in view of the foregoing and in its discretion, the Court concludes that the appropriate sanction to deter further abuse of the judicial process is an award of Stewart's fees incurred in defending against Jones' claim.

The Court has reviewed Stewart's statement of fees for reasonableness. The Court subtracts $646.88, reflecting fees related to Jones' interlocutory appeal of the Court's Order dismissing Jones' claims against Defendant State of Missouri.[1] The hourly rate of $287.50 charged by Stewart's attorney is a reasonable rate. Therefore, the reasonable fees incurred by Stewart total $4,815.64.

Plaintiff Jones is ordered to pay Defendant Stewart attorney fees in the amount of $4,815.64.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated: February 10, 2015
Jefferson City, Missouri

---

[1] The subtracted fees are for services provided on 10/10/2014 (1.50 hours for $431.25) and 10/23/2014 (0.75 hours for $215.63).